UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTELLE KEVETT CARROLL,

                Plaintiff,

-against-

TRANSUNION CONSUMER SOLUTIONS,

                Defendant.

25-CV-4977 (LTS)

ORDER DIRECTING PAYMENT OF FEE
OR AMENDED IFP APPLICATION

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this action *pro se*. To proceed with a civil action in this Court, a plaintiff must either pay $405.00 in fees – a $350.00 filing fee plus a $55.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

    Plaintiff submitted a self-created IFP application and a supporting affidavit, but she provides little information, and her responses do not establish that she is unable to pay the filing fees. (ECF 2, 5.) Plaintiff further requests, in lieu of paying the fees, "recognition of an equivalent tender in the form of collateral pledged via a CUSIP-linked financial instrument, under equitable and commercial principles." (ECF 2 at 1.) The Court denies that motion. Plaintiff must either pay the fees or file a completed amended IFP application that establishes her inability to do so.

    Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $405.00 in fees or submit an amended IFP application using the form provided. If Plaintiff submits the amended IFP application, it should be labeled with docket number 25-CV-4977 (LTS), and address the deficiencies described above. If the Court grants the amended IFP

application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 17, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                  LAURA TAYLOR SWAIN
                                         Chief United States District Judge