UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------

ESTELLE KEVETT CARROLL,

              Plaintiff,

        -v.-

TRANSUNION CONSUMER SOLUTIONS
("TRANSUNION"),

              Defendant.

--------------------------------------------

25 Civ. 4977 (KPF)

**ORDER**

KATHERINE POLK FAILLA, District Judge:

Plaintiff has thrice failed to follow Court orders and has not engaged with her case in months. Accordingly, the Court dismisses her case for failure to follow Court orders and failure to prosecute.

Plaintiff's noncompliance with Court orders began more than three months ago in October 2025 when she failed to meet and confer with Defendant regarding discovery and a proposed Case Management Plan ("CMP"), as the Court had ordered. (*See* Dkt. #32). On November 3, 2025 (the deadline the Court had set to submit the proposed CMP (Dkt. #29)), Defendant submitted a CMP and letter without Plaintiff's input. (*See* Dkt. #30, 31). Counsel for Defendant explained that he had unsuccessfully attempted to contact Plaintiff — twice at her email address listed on the docket and once through her phone number listed on the docket. (Dkt. #31). Plaintiff did not respond, so Defendant individually submitted the CMP and letter in order to comply with the Court's Order. (*Id.*).

Understanding that Plaintiff is proceeding *pro se* and is not submitting her filings electronically, the Court waited one week from the date of its November 3 deadline for a response from Plaintiff. (Dkt. #32). But Plaintiff did not respond, so on November 10, 2025, the Court ordered her to show cause in writing on or before December 19, 2025, why the Court should not dismiss her case pursuant to Federal Rule of Civil Procedure 41(b), based upon Plaintiff's failure to prosecute and failure to follow the Court's orders. (*Id.*). But Plaintiff did not respond to the Court's November 10, 2025 Order to Show Cause, thus constituting her second failure to follow Court orders. (Dkt. #33).

Still, the Court gave Plaintiff one final warning to show cause in writing on or before January 23, 2026, why it should not dismiss her case for failure to prosecute and failure to follow Court orders. (Dkt. #33). It is January 27, 2026, and Plaintiff has not responded. This is her third failure to follow Court orders. Her monthslong disengagement with her case demonstrates a failure to prosecute.

Courts may dismiss an action due to a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (recognizing federal courts' inherent authority to dismiss for the same reasons). Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to

2

prosecute *sua sponte*.  *See LeSane* v. *Hall's Sec. Analyst, Inc.*, 239 F.3d 206,
209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

While dismissal under Rule 41(b) is subject to the sound discretion of the
district courts, *see U.S. ex rel. Drake* v. *Norden Sys., Inc.*, 375 F.3d 248, 250-51
(2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a
"harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at
209 (internal quotation mark omitted) (quoting *Theilmann* v. *Rutland Hosp.,
Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  Nonetheless, it has also stated that the
authority to invoke dismissal for failure to prosecute is "vital to the efficient
administration of judicial affairs and provides meaningful access for other
prospective litigants to overcrowded courts."  *Lyell Theatre Corp.* v. *Loews
Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to
prosecute, a district court should weigh five factors:

> [i] [T]he duration of the plaintiff's failure to comply with
> the court order, [ii] whether plaintiff was on notice that
> failure to comply would result in dismissal, [iii] whether
> the defendants are likely to be prejudiced by further
> delay in the proceedings, [iv] a balancing of the court's
> interest in managing its docket with the plaintiff's
> interest in receiving a fair chance to be heard, and
> [v] whether the judge has adequately considered a
> sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*,
84 F.3d 532, 535 (2d Cir. 1996)).  No single factor is dispositive.  *Nita* v. *Conn.
Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

3

The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case.  Plaintiff has consistently failed to comply with Court orders or prosecute her case over a period of months.  This pattern of non-compliance has persisted despite the Court's repeated and explicit notices that her failure to prosecute and comply with Court orders would result in dismissal.  (*See* Dkt. #32-33).  Further, the Court has implemented less drastic sanctions in the form of these warnings.  Despite that fact, Plaintiff has not communicated with the Court since October 7, 2025.  (*See* Dkt. #25-26).

Accordingly, the Court DISMISSES this action with prejudice for failure to prosecute and for failure to comply with Court orders.  *See Murphy* v. *Spaulding,* No. 20 Civ. 9013 (KMK), 2022 WL 1063138, at \*1 (S.D.N.Y. Mar. 30, 2022) (dismissing case for failure to prosecute after plaintiff neglected to file a second amended complaint or respond to the Court's show cause order); *Djokovic* v. *U.S. Justice Dep't,* No. 07 Civ. 2608 (SJ), 2008 WL 3200191, at \*1-2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez* v. *Catholic Charities of the Archdiocese of N.Y.,* No. 00 Civ. 1247 (AGS), 2001 WL 50896, at \*4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address of record and is further directed terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:   January 27, 2026
         New York, New York

KATHERINE POLK FAILLA
United States District Judge

5